## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* CHARLES GAINEY, APPELLANT.

*Licenses* (§ 3, *chap.* 175, 1870) *may be granted for less than a year.*

The provision that all the licenses granted by the commissioners of excise shall expire at the end of one year from the time they shall be granted, is a limitation of the power of the commissioners, not a constituent of the license itself, and within the limitation aforesaid the commissioners have full power to determine the period of a license. Therefore, when a person was indicted for selling liquor after May 1, 1875, and before December 7, 1875, without a license, *held*, he was not protected by a license granted December 7, 1874, and which, by its terms, expired May 1, 1875.

CERTIORARI on a bill of exceptions, to review the conviction of the defendant for selling strong and spirituous liquors.

The defendant was indicted for selling spirituous liquors without a license. Admitted the sales at the time alleged (June 1, 1875), but claimed on the trial that, as the license was granted December 7, 1874, although by its terms it expired May 1, 1875, it did not expire until the end of the year. That, as the statute read, "all licenses shall expire at the end of one year from the time they are granted," the period of time being fixed by the legislature, the commissioners of excise had no power to fix a different time, and their attempt to fix a different time in the license was mere surplusage, as when they granted a license their power was expended.

*Geo. H. Decker* and *D. D. McKoon*, for the appellant.

*C. F. Brown*, district attorney, for the respondent.

GILBERT, J.:

We think the construction which the court below put upon the statute under which the defendant's license was granted (Laws 1870, chap. 175, § 3) is the correct one. The provision that all the licenses granted by the commissioners of excise shall expire at the end of one year from the time they shall be granted, is a limitation of the power of the commissioners. It is not a constituent of the license itself. Within the limitation aforesaid, the commissioners

have full power to determine the period of the license. The power being a general one, to grant licenses as provided by law, the only restriction upon it must be sought in the statutes regulating excise, and no restriction upon the power of the commissioners to grant a license for a shorter period than one year has been pointed out.

The rulings of the court upon the trial, we think, were clearly proper.

· The conviction should be affirmed, and the proceedings remitted to the Orange County Court of Sessions with directions to proceed thereon according to law.

BARNARD, P. J., concurred.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Conviction affirmed and proceedings remitted to the Court of Sessions in Orange county.